IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LARRY DALE BROWN, #221622,    )
    )
    Plaintiff,    )
    )
    v.    )    CASE NO. 2:12-CV-544-MHT
    )    [WO]
    )
KENNETH JONES, et al.,    )
    )
    Defendants.    )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This 42 U.S.C. § 1983 action is before the court on a complaint filed by Larry Dale Brown ["Brown"], a state inmate, in which he presents claims arising during his incarceration at the Bullock Correctional Center against warden Kenneth Jones, Lt. C. Carlton, Lt. Ruffin, Sgt. Dominic Whitley and Capt. Sylvester Nettles.  Specifically, Brown asserts that on February 12, 2012, the defendants acted with deliberate indifference to his safety by failing to protect him from attack by another inmate.  *Complaint - Doc. No. 1* at 3 ("Defendants refused to take reasonable measure to protect plaintiff from harm after he notified the officials threats had been made.  By [their] refusing plaintiff placement into protective custody he was assaulted by another inmate resulting in black eye and busted lip.").  Brown also alleges that the defendants' inaction was the result of discrimination due to his Caucasian race.  *Id*.  Brown seeks monetary damages for the alleged violation of his

constitutional rights.  *Id*. at 4.

On September 27, 2012, the defendants filed a motion to dismiss in which they argue that this case is subject to dismissal in accordance with "the doctrine of res judicata," as the instant complaint contains claims presented or which could have been presented to the Circuit Court of Montgomery County, Alabama in a prior civil case "dismissed [by the state court] ...  with prejudice."  *Motion to Dismiss - Doc. No. 15* at 2-3.[1]  Based on the argument presented in the motion to dismiss, the court entered an order "that on or before October 9, 2012 the plaintiff shall show cause why this motion should not be granted."  *Order of September 28, 2012 - Doc. No. 16*.  In this order, the court "cautioned the plaintiff that if he fails to file a response to this order the court will enter a Recommendation that his case be dismissed based on *res judicata*...."  *Id*.  As of the present date, the plaintiff has filed no response to this order.

Upon review of the defendants' motion to dismiss, the undisputed evidentiary materials filed in support thereof and applicable federal law, the court concludes that the defendants' motion to dismiss is due to be granted.

## II.  DISCUSSION AND ANALYSIS - RES JUDICATA

The defendants maintain that this case is subject to dismissal as the plaintiff's claims are precluded by res judicata arising from the dismissal of Brown's state action, *Brown v.*

---

[1] The state civil action, *Brown v. Jones, et al.*, Case No. CV-12-668-J-A, raised the identical claim regarding the defendants alleged failure to protect Brown from attack by another inmate.  *Defendants' Exhibit A - Doc. No. 15-1* at 3-7.  Brown, however, did not make the allegation that this failure was the result of racial discrimination.  *Id*.  The racial discrimination claim clearly arises out of the same cause of action and could have been raised by Brown in his state complaint.  On August 22, 2012, the Circuit Court of Montgomery, Alabama issued an order that the plaintiff's complaint be dismissed with prejudice.  *Defendants' Exhibit D - Doc. No. 15-4*.

*Jones, et al.*, Case No. CV-12-668-J-A, by the Circuit Court of Montgomery County.

> The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as "res judicata." Under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001). Issue preclusion, in contrast, bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even if the issue recurs in the context of a different claim. *Id.*, at 748-749, 121 S.Ct. 1808. By "preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate," these two doctrines protect against "the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153-154, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979).

*Taylor v. Sturgell*, 553 U.S. 880, 892, 128 S.Ct. 2161, 2171 (2008)

"Our res judicata analysis has always required a consideration of the facts and legal theories of two causes of action as well as the rights and duties involved in each case." *Draper v. Atlanta Indep. Sch. Sys.,* 377 Fed. Appx. 937, 940 (11th Cir. 2010) *certiorari denied*, 131 S.Ct. 342, 178 L.Ed. 2d 223, 79 USLW 3205 (Oct. 4, 2010) (citing *Manning v. City of Auburn*, 953 F.2d 1355, 1359 (11th Cir. 1992)). "We have consistently concluded that when the substance and facts of each action are the same, res judicata bars the second suit." *Id.* In *I.A. Durbin, Inc. v. Jefferson National Bank*, 793 F.2d 1541 (11th Cir. 1986), the Court summarized the doctrine of res judicata as follows:

> Res judicata or claim preclusion refers to the preclusive effect of a judgment in foreclosing relitigation of matters that were litigated or could have been

3

> litigated in an earlier suit....  In order for the doctrine of res judicata to bar
> a subsequent suit, four elements must be present: (1) there must be a final
> judgment on the merits; (2) the decision must be rendered by a court of
> competent jurisdiction; (3) the parties, or those in privity with them, must be
> identical in both suits; and (4) the same cause of action must be involved in
> both cases.

*I.A. Durbin*, 793 F.2d at 1549 (citations omitted).  It is to these four elements that the court

now turns.

   1.  **A Final Judgment**.  In June of 2012, Brown filed suit against Jones, Carlton,

Ruffin and Whitley in the Circuit Court of Montgomery County, Alabama.  *Defendants'*

*Exhibit A - Doc. No 15-1* (Complaint in the case of *Brown v. Jones, et* al., Case No. CV-12-

668-J-A).  In that case, Brown alleged that correctional officials at Bullock Correctional

Facility failed to protect him from attack by a fellow inmate when they refused his request

for placement in protective custody.  *Id*.  The facts made the basis of the state civil action

are identical to the facts presented to this court in support of the instant complaint.  On

August 6, 2012, the defendants filed a motion to dismiss the complaint pending before the

state court in which they argued that the plaintiff's claims provided no basis for relief.

*Defendants' Exhibit C - Doc. No. 15-3* at 1-4.  On August 22, 2012, the Circuit Court of

Montgomery County, Alabama granted the defendants' motion to dismiss and "**ORDERED**

that all claims in this cause are hereby **DISMISSED WITH PREJUDICE**." *Defendants'*

*Exhibit D - Doc. No. 15-4*.

   This court must first determine whether the state court's decision on the defendants'

4

motion to dismiss is a decision on the merits.

> "A judgment is on the merits when it amounts to a decision as to the respective rights and liabilities of the parties, based on the ultimate fact or state of the parties disclosed by the pleadings or evidence, or both, and on which the right of recovery depends, irrespective of formal, technical, or dilatory objections or contentions. Key factors in determining whether a judgment may be considered as on the merits are that there have been notice and an opportunity to be heard....

> "It is not necessary, however, that there should have been a trial. If the judgment is general, and not based on any technical defect or objection, and the parties had a full legal opportunity to be heard on their respective claims and contentions, it is on the merits, *although there was no actual hearing on the facts of the case*."

*Mars Hill Baptist Church of Anniston, Ala., Inc. v. Mars Hill Missionary Baptist Church*, 761 So.2d 975 (Ala. 2000); *Bd. of Tr. of the Univ. of Ala. v. Am. Res. Ins. Co., Inc.*, 5 So.3d 521, 533 (Ala. 2008) (same). After reviewing all of the pleadings, including evidence contained therein, the state court granted the defendants' motion to dismiss and dismissed the case with prejudice. Thus, it is clear that the state court's dismissal of the plaintiff's case constituted a final judgment on the merits. *See Alpha Life Insurance Corp. v. Jackson*, 906 so.2d 143, 155 (Ala. 2005) (citing *Hammermill Paper Co. v. Day*, 336 So.2d 166, 168 (Ala. 1976) (dismissal with prejudice represents an adjudication on the merits).

   2. **Court of Competent Jurisdiction**. The Circuit Court of Montgomery County, Alabama is a court of competent jurisdiction. Pursuant to ALA. CODE 1975 § 12-11-30(1), circuit courts in Alabama "shall have exclusive original jurisdiction of all civil actions in

which the matter in controversy *exceeds* ten thousand dollars ($10,000), exclusive of interest and costs, and shall exercise original jurisdiction concurrent with the district court in all civil actions in which the matter in controversy exceeds three thousand dollars ($3,000), exclusive of interest and costs." *Id.* (emphasis added). Consequently, the state circuit court had jurisdiction over Brown's complaint and, thus, was a court of competent jurisdiction.

**3. Identical Parties**. Parties are "identical" for purposes of res judicata when they are the same or in privity with one another. *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1561 (11th Cir. 1990). The plaintiff named Kenneth Jones, Lt. C. Carlton, Lt. Ruffin and Sgt. Dominic Whitley as defendants in the state court action. Thus, the aforementioned defendants appear as defendants in both the previous state court case and this case. In the instant case, the plaintiff also names Capt. Sylvester Nettles as a defendant. In *Thompson v. SouthTrust Bank*, 961 So.2d 876, 883 (Ala. Civ. App. 2007), the court, while noting that in Alabama the term "privity" had not been uniformly defined with respect to res judicata, observed that it was often deemed to arise from

> "(1) the relationship of one who is privy in blood, estate, or law; (2) the mutual or successive relationship to the same rights of property; [or] (3) an identity of interest in the subject matter of litigation." Thus, the existence of privity has generally been resolved "on an ad hoc basis in which the circumstances determine whether a person should be bound by or entitled to the benefits of a judgment." *Hughes v. Martin*, 533 So.2d 188, 191 (Ala.1988).

It is clear that Capt. Sylvester Nettles is in privity by law with the other defendants and had an identity of interest in the prior litigation; thus, he may take advantage of the previous adjudication in their favor.

4. **The Same Cause of Action.** In *Manning*, the Court summarized the law regarding when a cause of action is the same for purposes of res judicata as follows:

> In this circuit, the determination of whether the causes of action in two proceedings are the same is governed by whether the primary right and duty are the same. *Hunt,* 891 F.2d at 1561 (quoting *Kemp v. Birmingham News Co.,* 608 F.2d 1049, 1052 (5ᵗʰ Cir. 1979)); *I.A. Durbin, Inc. v. Jefferson Nat'l Bank,* 793 F.2d 1541, 1549 (11ᵗʰ Cir. 1986). The test is one of substance, not form. *I.A. Durbin,* 793 F.2d at 1549. Res judicata applies "not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same 'operative nucleus of fact.'" *Hunt,* 891 F.2d at 1561 (despite variations in legal theories used and remedies sought, second suit barred because wrongful act in both cases was flying Confederate flag atop state capitol) (quoting *Olmstead v. Amoco Oil Co.,* 725 F.2d 627, 632 (11ᵗʰ Cir. 1984)); *Jaffree v. Wallace,* 837 F.2d 1461, 1468 (11ᵗʰ Cir. 1988) (second suit barred because "[b]oth cases raised first amendment (free exercise and establishment clause) challenges to use of textbooks and teachings on various subjects"); *Nilsen v. City of Moss Point,* 701 F.2d 556, 560 (5ᵗʰ Cir. 1983) (section 1983 action against city that refused to hire plaintiff as firefighter due to her sex precluded by earlier Title VII action on same facts).

953 F.2d 1355, 1358-59 (11ᵗʰ Cir. 1992).

In the earlier state case, Brown complained that the defendants, correctional officials at Bullock, failed to protect him from attack by another inmate by refusing his request for placement in protective custody. Examination of the complaints filed in each of Brown's civil actions demonstrates that the allegations contained therein arise from the same set of

facts and circumstances.  Thus, the failure to protect issue in the prior litigation is identical to the issue raised in this lawsuit.  Although the instant complaint presents an additional allegation regarding a purported racial motive for the inaction of the defendants, "[r]es judicata acts as a bar 'not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact.'"  *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1356 (11th Cir. 1998).

> "Res judicata is a broad, judicially developed doctrine, which rests upon the ground that public policy, and the interest of the litigants alike, mandate that there be an end to litigation; that those who have contested an issue shall be bound by the ruling of the court; and that issues once tried shall be considered forever settled between those same parties and their privies. 46 Am.Jur.2d *Res Judicata* § 395 (1969).  'The principle of res judicata fosters reliance on judicial action, and tends to eliminate vexation and expense to the parties, wasted use of judicial machinery and the possibility of inconsistent results.'  'Developments in the Law-Res Judicata,' 65 Harv. L.Rev. 820 (1952)."

*Thompson,* 961 So. at 885.

"*Res judicata* bars the filing of claims which were raised or could have been raised in an earlier proceeding."  *Driessen v. Fla.*, 401 Fed. Appx. 435 (11th Cir. 2010) quoting *Ragsdale v. Rubbermaid, Inc.,* 193 F.3d 1235, 1238 (11th Cir. 1999).  The court therefore concludes that the claims presented against the defendants in the instant cause of action entitle him to no relief as these claims are precluded from review by the doctrine of res judicata.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The defendants' motion to dismiss be GRANTED.

2.  This case be DISMISSED with prejudice.

It is further

ORDERED that on or before November 9, 2012, the parties may file objections to this Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

9

DONE, this 25th day of October, 2012.

/s/ Susan Russ Walker

SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE